Pearson, J.
 

 The defendants have separately filed two exceptions, but they are in substance the same, and may be disposed of together. The first raises this question ; a father puts several negroes into the possession of a child, and dies intestate, without having taken back the ne-groes. One of the negroes died in the life time of the father. The Master has charged the child with the valuation of all of the negroes at the date of the advancement. We think it was right to do so, and this exception is overruled. If the negroes increase, the child has the benefit; if a loss happens, it falls on the child. This principle is settled.
 
 Meadows
 
 v.
 
 Meadows,
 
 11 Ire. 148.
 

 
 *140
 
 2nd. The Master does not charge the plaintiff with the value of two oí the negroes, who had been put into his possession, and who died in the life time of the intestate, because he says, he was opinion
 
 from
 
 the testimony, that, after the death of the two negroes, the plaintiff delivered the two, who survived, to his father, who
 
 re-delivered,
 
 them to the plaintiff; and so he concludes, that the plaintiff was chargeable only with the value of the two from the date of the re-delivery. The second exception is, that the plaintiff ought to have been charged with tho value of all, at the time they first went into the plaintiff’s possession. This exception, we think, is well founded, and it is allowed. The testimony does not establish the fact, that the plaintiff actually did deliver the negroes back to his father, and that be subsequently redelivered to the plaintiff the two, who survived.
 

 The witness, Smith, says, the intestate told him, he wished to make a new division of his negroes, and, for that purpose, had requested the defendants to surrender those, which had been put into their possession. They refused to do so, and he was much displeased. That the plaintiff “was willing and had offered to surrender the ne-groes, which he had received,
 
 or had actually surrender, edi
 
 he
 
 does not remember which.”
 
 “With some difficulty I persuaded him to drop the matter, and he finally acquiesced in my advice.”
 

 . The witness, Jordan, says, the intestate told him, he wished to make a “redivision of his negroes ; that the plaintiff was willing to surrender his, but the defendants refused to surrender theirs.” He says he mentioned this to the defendant, James Walton, and told him ‘ his father said, Robert was willing to surrender or had surrendered his, to which he replied, the reason, why Robert is willing to do so, is, because some of his negroes are dead and he will gain by having them thrown back and anew division made.”
 

 
 *141
 
 He also saj's, “he heard the defendant, Sidney Walton, admit just now, that one of the negroes (put in the plaintiff’s possession) was sent to his father’s during his life time and died, having been sent there to be nursed, Robert having no wife.”
 

 This is the substance of all of the testimony. It falls vtp’y far short of supporting the conclusion of the Master. The burthen of proof was upon the plaintiff*, and the testimony not only fails to establish the allegation of an ac-túa] surrender and re-de'.ivery, but the inference is, that, inasmuch as the proposed new division could not be rnadef by reason of the refusal of the defendants, a surrender on the part of the plaintiff* was unnecessary, and, therefore was-not made. The fact, that one of the negroes was sent tothe intestate’s house
 
 for the purpose.of being nursed,
 
 and died there, does not support the allegation of a surrender..
 

 This exception is allowed, and there must be a reference to reform the report.
 

 Pjsr Curfam. Ordered accordingly.